STROUD, Judge.
This appeal arises from a private termination of parental rights action between two parents. Respondent, the mother of minor child N.A.C. ("Natalie"),[1] appeals from the trial court's order terminating her parental rights on the ground of willful abandonment. We affirm.
Petitioner, the biological father of Natalie, and respondent never married. Natalie has resided with petitioner since her birth in 2008. Respondent last saw Natalie in May 2011 at her third birthday party. Since that date, respondent has not contacted Natalie, has not sent her any cards, gifts, or tokens of affection, and has not paid child support. However, Natalie has had frequent contact with respondent's family, and has spent holidays and special occasions with them.
On 5 December 2016, petitioner filed a Chapter 50 custody action. The parties entered into a consent order for temporary child custody, giving petitioner sole legal and physical custody of Natalie. On 27 January 2017, petitioner filed a petition to terminate respondent's parental rights alleging the grounds of dependency and willful abandonment. See N.C. Gen. Stat. § 7B-1111(a)(6)-(7) (2017). A hearing was held on the petition on 14 June 2017, but on 18 August 2017, the trial court entered an order declaring a mistrial because a guardian ad litem had not been appointed for Natalie. The court appointed a guardian ad litem and scheduled a new hearing for 16 October 2017. Following several continuances, the hearing was held on 13 April 2018. On or about 2 May 2018, the trial court entered an order terminating respondent's parental rights, finding that a ground existed to terminate her parental rights based on willful abandonment and that termination was in Natalie's best interest. Respondent timely appealed.
Respondent's counsel has filed a "no-merit" brief on her behalf in which he states that after a conscientious and thorough review of the record on appeal and transcripts, he was unable to identify any issue of merit on which to base an argument for relief. Pursuant to Rule 3.1(d)[2] of the North Carolina Rules of Appellate Procedure, he requests that this Court conduct an independent examination of the case. N.C. R. App. P. 3.1(d).
In accordance with Appellate Rule 3.1(d), counsel wrote respondent a letter on 13 August 2018 advising her of (1) counsel's inability to find error; (2) counsel's request for this Court to conduct an independent review of the record; and (3) respondent's right to file her own arguments directly with this Court while the appeal is pending. Counsel attached to the letter a copy of the record, transcript, and no-merit brief. Respondent has not submitted written arguments of her own, and a reasonable period of time for her to have done so has passed. In our discretion, we have conducted an independent review of the record. See In re I.B. , --- N.C. App. ----, ----, --- S.E.2d ----, ---- (Nov. 20, 2018) (No. COA18-608), ("[U]ntil otherwise instructed by our Supreme Court, we will follow the plain language of Rule 3.1(d). That language, in conjunction with our existing precedent, permits but does not require this Court to conduct an independent review of the record in these cases.").
After carefully reviewing the transcript and record, we are unable to find any prejudicial error in the trial court's order terminating respondent's parental rights. The termination order contains sufficient findings of fact supported by clear and convincing evidence to support the conclusion that respondent willfully abandoned Natalie. In re I.T.P-L., 194 N.C. App. 453, 461, 670 S.E.2df 282, 287 (2008). The trial court's findings demonstrate that respondent had not seen or spoken with Natalie since May 2011, despite being able to contact petitioner, and that she failed to provide any love and affection to Natalie for the seven years prior to the hearing. Finally, the trial court also made appropriate findings in determining that the termination of respondent's parental rights was in Natalie's best interests. See N.C. Gen. Stat. § 7B-1110(a) (2017). Accordingly, we affirm the court's order terminating respondent's parental rights to Natalie.
AFFIRMED.
Report per Rule 30(e).
Judges DILLON and BERGER concur.

A pseudonym is used to protect the juvenile's identity and for ease of reading.

The North Carolina Rules of Appellate Procedure were amended 1 January 2019, and the rule covering no-merit briefs is now Rule 3.1(e). This appeal is governed by the previous version of the Rules of Appellate Procedure.